UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-47-01-F3

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) |
| THOMAS NEIL PICKETT, | ) |
| Defendant. | ) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-HC-2225-F

| THOMAS NEIL PICKETT, | ) |
| --- | --- |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| M.D. CARVAJAL, | ) |
| Respondent. | ) |

O R D E R

The Clerk of Court is DIRECTED to consolidate or cross-reference the above-captioned cases, according to the practice of this district court. This matter stands in an odd posture, as it purportedly has been transferred back to this district from the Eastern District of Texas, which court exercised jurisdiction over Pickett's 28 U.S.C. § 2241 motion for relief. Although Pickett was convicted and sentenced in the Eastern District of North Carolina, his § 2241 motion was adjudicated in the Eastern District of Texas because Pickett is serving his sentence in the Federal Correctional Institution in Texarkana, Texas. That court determined that Pickett is entitled to relief via § 2241 from his conviction and sentence under 18 U.S.C. §

924(c), by virtue of the Supreme Court's ruling in *Watson v. United States*, 552 U.S. 74 (2007) (holding that "[a] person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs"). *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (holding that "when § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241") (citing 28 U.S.C. § 2255).

The Texas district court ultimately determined it lacked jurisdiction to alter or amend Pickett's judgment of conviction and sentence imposed herein in *United States v. Pickett*, No. 7:04-CR-47-F (E.D.N.C.) [DE-107], entered by the undersigned on March 10, 2005. Therefore, the Texas court purported to transfer the case back to this court "for appropriate action." Memorandum Opinion and Order [DE-13]; *see also* "Final Judgment" [DE-11].[1]

In order to ensure an informed disposition of this matter, the court DIRECTS the Federal Public Defender to appoint counsel to represent Pickett with regard to matters arising from the purported transfer of this matter from the Eastern District of Texas. The court further DIRECTS the Government and Pickett's appointed counsel to file memoranda herein on or before **February 1, 2012**, stating and supporting their respective positions as to the appropriate disposition of this matter.[2]

Should the Government and appointed counsel concur on the appropriate disposition, they may file a joint memorandum within the allotted time. Should either or both parties suggest that resentencing should be had, they further are DIRECTED to indicate their

---

[1] These two docket numbers refer to the CM/ECF docket in 5:11-HC-2225-F (E.D.N.C.).

[2] The court notes that the CM/ECF docket for the criminal case, No. 7:04-CR-47-F, reflects that Pickett's September 27, 2006, § 2255 motion is still pending. *See* [DE-121]. As it appears that an order and judgment were entered in that case on December 17, 2007, the Clerk of Court is DIRECTED to determine whether [DE-121] in the criminal case should be terminated.

2

positions on whether a new Presentence Report should be prepared and whether Pickett's presence in this district for a resentencing hearing is required.

By entry of this order and pending receipt and review of the parties memoranda, the court expresses no opinion on what procedure or outcome may be appropriate in this matter. *See, e.g., In re Nwanze*, 242 F.3d 521 (3rd Cir. 2001); *Neal v. Francis*, Nos. 1:08-CV-458, 2:94-CR-300-2, 2009 WL 2997911 (M.D.N.C. Sept, 15, 2009), *adopted*, 2009 WL 3207227 (Sept. 30, 2009); *see also Lilly v. Rios*, No. 1:10-CV-01666 LJO, 2011 WL 2433643 (E.D. Cal. June 14, 2011)

SO ORDERED.

This, the 9th day of December, 2011.

JAMES C. FOX
Senior United States District Judge